UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOWN OF HAMDEN,<br>    *Plaintiff*,<br>    *v.*<br>JB HOUSES, LLC,<br>    *Defendant.* | Civil No. 3:15cv758 (JBA)<br><br>June 15, 2015 |

**RULING GRANTING MOTION TO REMAND TO STATE COURT**

Defendant JB Houses, LLC moves [Doc. # 10] to remand this action to the Connecticut Superior Court. For the reasons that follow, Defendant's motion is granted and this case is remanded to the Superior Court for the Judicial District of New Haven at New Haven.

**I.    Background**

Plaintiff the Town of Hamden (the "Town") filed this action in the Superior Court on February 3, 2015, seeking enforcement of a $9,508 judgement lien that the Town obtained against Defendant, the owner of an estate located at 25 Evergreen Avenue in Hamden. (Complaint [Doc. # 1-1].) On May 5, 2015, Defendant filed an Answer and Counterclaim [Doc. # 1-1], asserting that the fines and fees imposed by the Town leading to the judgment lien were imposed in violation of the United States Constitution's Equal Protection Clause, because they were "applied only to Defendant because it was a landlord renting to students."

On May 19, 2015, Plaintiff filed a Petition of Removal [Doc. # 1], asserting that removal was proper because the "Counterclaim Complaint alleges violations of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution." (Pet.

Removal ¶ 3.) On June 1, 2015, Defendant filed this timely motion to remand. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

II.     Analysis

In its Petition of Removal, the Town asserted that removal was proper because this Court would have original jurisdiction over JB Houses' constitutional counterclaim pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, the federal removal statute does not authorize removal by the Town on this basis. It provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). While § 1441(a) and "[s]everal [other] sections permit removal by defendants . . . . [n]o section provides for removal by a plaintiff." *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993). "The federal courts have strictly interpreted these limitations, often speaking of the right to remove as being limited to 'true' defendants. Thus, plaintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them." 14C Fed. Prac. & Proc. Juris. § 3730 (4th ed.).

Because the Town was not authorized to remove this action to federal court on the basis of the federal counterclaim asserted against it, *see* 28 U.S.C. § 1441(a), Defendant's Motion [Doc. # 10] to Remand is GRANTED, *see id.* § 1447(c). The Clerk is directed to remand this case to the Superior Court for the Judicial District of New Haven at New Haven.

IT IS SO ORDERED.

　　　　/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of June, 2015.